IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

TONY OLANDA WALLS            *

    Plaintiff,                *

    v.                        * CIVIL ACTION NO. 3:05-CV-1206-T
                                     (WO)

MAJOR CARY TOLBERT, *et al.*,   *

    Defendants.              *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

I. INTRODUCTION

Plaintiff, Tony Walls ["Walls"], filed this 42 U.S.C. § 1983 action on December 19, 2005. He complains that he is subjected to unconstitutional conditions of confinement at the Lee County Detention Center. Named as defendants are Major Cary Tolbert, Lieutenant C. Welch, Nurse Stewart, and Officers Rodgers, Settlers, and Jones. Plaintiff seeks injunctive relief and damages. Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## II. DISCUSSION

*A. The Medical Claim*

Plaintiff asserts that Nurse Stewart informed him that he may not see a doctor or nurse for the remainder of his stay in the Lee County Detention Center. Walls complains that Nurse Stewart's comment subjected him to cruel and unusual punishment.[2]

In order to state a claim under 42 U.S.C. § 1983 based on a failure to provide adequate medical treatment, Plaintiff must allege that he has a serious medical condition and that prison officials are deliberately indifferent to his needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Taylor v. Adams*, 221 F.3d 1254 (11th Cir. 2000). Here, Plaintiff not only fails to allege much less indicate that he suffers from a serious medical need for which he has actually been denied care but also fails to allege that since Defendant Stewart made the comment in question, he has requested medical care and been refused treatment. Consequently, Plaintiff's claim, without more, fails to state a claim of constitutional magnitude. *See Neitzke v. Williams*, 490 U.S. 319 (1989).

---

[2] Assuming, *arugendo*, that Walls was a pretrial detainee at the time of the alleged constitutional violations, the court notes that the "Eighth Amendment prohibitions against cruel and unusual punishment do not apply to pretrial detainees." *Tittle v. Jefferson County Comm'n,* 10 F.3d 1535, 1539 n. 3 (11th Cir.1994) (*en banc*) (citing *Ingraham v. Wright,* 430 U.S. 651, 671-72 n. 40 (1977)). However, this Circuit has held that "in regard to providing pretrial detainees with such basic necessities as food, living space, and medical care the minimum standard allowed by the due process clause is the same as that allowed by the eighth amendment for convicted persons." *Belcher v. City of Foley, Ala.,* 30 F.3d 1390, 1396 (11th Cir.1994); (quoting *Hamm v. DeKalb County,* 774 F.2d 1567, 1574 (11th Cir.1985)); *Tittle,* 10 F.3d at 1539.

*B. The Failure To Protect Claim*

Plaintiff contends that he snitched on prison staff for bringing cigarettes into the detention facility and since that time his life has been in danger. Walls further contends that he is made to stay in holding cells and go to visitation with inmates who want to hurt him.

According to complaint and attachments thereto, Walls is housed on protective custody and has been so housed for several months. Thus, to the extent prison officials assigned Walls to protective custody after he reported the alleged illegal activity by jail staff, the court finds that Walls has failed to demonstrate that defendants acted with deliberate indifference in response to his fear that snitching on a jailer(s) has exposed him to possible harm from other inmates who might be offered incentives to attack him by the jailer(s) in question. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Further, Plaintiff's conclusory allegation that he is sometimes placed in holding cells and sent to visitation with inmates who want to hurt him, standing alone, does not rise to the level of deliberate indifference necessary to state an Eighth Amendment claim. Walls has not alleged that he faces any significant risk from the behavior of his fellow inmates during the activities in question, much less that defendants are aware of any such risk and have acted with deliberate indifference in failing to address it. Therefore, Plaintiff has failed to state a claim against defendants under the Eighth Amendment with regard to this claim.

*C. The Conditions of Confinement Claim*

To the extent Plaintiff's complaint alleges a claim that his constitutional rights were violated because his access to a working toilet was occasionally restricted for a five and a

3

half hour period, he is entitled to no relief.[3] The Constitution "does not mandate comfortable prisons, but neither does it permit inhumane ones." *Farmer*, 511 U.S. at 832 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)). In order to demonstrate an Eighth Amendment violation with respect to conditions of confinement, a prisoner must satisfy both an objective and a subjective inquiry. *Farmer*, 511 U.S. at 834. The objective component requires an inmate to prove the he was denied the "minimal civilized measure of life's necessities." *Id*. The challenged prison condition must be "extreme" and must pose "an unreasonable risk of serious damage to his future health." *Chandler v. Crosby*, 379 F.3d 1278, 1289-90 (11th Cir. 2004). The subjective component requires a prisoner to prove that the prison official acted with "deliberate indifference" in disregarding that risk. *Farmer*, 511 U.S. at 834, 837.

Taking Plaintiff's allegation as true, as the court must, the condition abut which he complains, without more and in and of itself, does not amount to cruel and unusual punishment. Walls fails to establish that he suffered a sufficiently serious constitutional deprivation which may be considered "extreme." *See Chandler*, 379 F.3d at 1290. Though certainly unpleasant and to some degree unsanitary, it cannot be said Plaintiff's occasional inability to access a working toilet and his having to use a bucket instead to relieve himself is an "extreme" prison condition that is of sufficient severity to implicate the Eighth

---

[3]Walls states that he has weak kidneys and has to urinate every two to three hours. On those occasions when Plaintiff does not have access to a working toilet for a five and a half hour period, he indicates that he uses a five gallon bucket instead.

Amendment.[4] *Id*.; *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir. 1988) (temporary neglect of prisoner's hygienic needs is insufficient to establish an Eighth Amendment violation). In light of the foregoing, the court finds that this claim is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke*, 490 U.S. 319.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this complaint be DISMISSED with prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **January 17, 2006**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District

---

[4] The court notes that while Plaintiff indicates that he did not shower until the late evening of April 11, 2003, he states that after his restraints were removed, prison personnel gave him another jumpsuit. (Doc. No. 27.)

Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 4th day of January 2006.

/s/ **Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE